[Crim. No. 6690. Second Dist., Div. Three. Aug. 10, 1959.]

THE PEOPLE, Respondent, v. PAUL PERKINS, Appellant.

782

Paul Perkins, in pro. per., for Appellant.

No appearance for Respondent.

SHINN, P. J.—Paul Perkins was indicted for and in a court trial convicted of selling and furnishing heroin. He appeals from the judgment.

The evidence at the trial consisted of evidence produced before the grand jury, received pursuant to stipulation, and some additional evidence.

There was testimony of the following facts. In the late afternoon of May 22, 1958, Officer Ruben Ortiz of the Los Angeles Police Department accompanied one Dan De Norber to the northeast corner of Fourth and Broadway, where they encountered appellant. The three men then walked north on Broadway. De Norber told Perkins that Ortiz wanted to buy some heroin; appellant agreed to obtain two capsules of heroin for $5.00; Ortiz handed Perkins a $5.00 bill; appellant told Ortiz and De Norber to follow him back to a candy store on the corner of Fourth and Broadway and then to wait. Perkins approached his codefendant, Reataza, and the two men entered the candy store. Ortiz and De Norber waited outside. Through the open door Ortiz saw appellant hand a bill to Reataza and the latter hand appellant a piece of green balloon and two small capsules. Perkins then left the store and gave the capsules and the piece of balloon to De Norber who gave them to Ortiz. The capsules were analyzed by a police chemist and were shown to contain heroin.

Appellant testified in his own behalf that he met Ortiz and De Norber on May 22d but he did not meet Reataza. He did not buy any narcotics from Reataza and no money was given

him by Ortiz. De Norber asked him if he could find some narcotics but he did not know where narcotics could be obtained and he did not offer to find any. He witnessed some kind of transaction between De Norber and Ortiz.

Upon application of appellant for appointment of counsel the matter was referred to the Committee on Criminal Appeals of the Los Angeles Bar Association with a request for a report directing our attention to any point which might reasonably be urged in his favor. We received a report from a member of the committee made after a careful examination of the record. After reading the report and the record we determined that the filing of a brief would serve no useful purpose and we denied the appointment of counsel, notifying Perkins of our order and substantially extending his time to file a brief. No brief having been filed, we have reexamined the record and are disposing of the appeal on the merits.

█ At the outset of the trial the deputy district attorney offered to stipulate that the matter might be submitted upon the grand jury transcript, each side having the right to offer further evidence. Counsel for appellant said: "Yes, the defendant will want the officer here, I mean in the Grand Jury Indictment." Any doubt whether the rather vague language we have just quoted constituted an acceptance of the stipulation is resolved by the statement in the minutes that the stipulation was entered into and by appellant's failure to raise any objection when the court stated that it had read the transcript of the grand jury proceedings.

█ The only factual question was whether the testimony of Officer Ortiz or of appellant was worthy of belief. The court having given credence to the former's testimony, we cannot say as a matter of law that the conviction was without support in the evidence. (*People* v. *Pastrana,* 136 Cal.App. 2d 358 [288 P.2d 568].)

In his notice of appeal Perkins specified a number of respects in which his constitutional rights were allegedly violated, namely, he was held more than 48 hours prior to his arraignment in contravention of Penal Code, section 825; he was unlawfully deprived of a preliminary hearing; he was arrested without a warrant; the identity of the informer was not disclosed; and Reataza was released. We need say only that we have examined these contentions and find them to be devoid of merit.

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.