[No. E034871. Fourth Dist., Div. Two. June 24, 2004.]

In re BYRON B., a Person Coming Under the Juvenile Court Law.

THE PEOPLE, Plaintiff and Respondent, v.
BYRON B., Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION†]**

†Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts I and II.

COUNSEL

Kathleen Bryan, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Gil P. Gonzalez and Andrew S. Mestman, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**RICHLI, J.—** ▮ Appellant Byron B. and two juvenile accomplices stole a video game player and some "cool" shoes from an acquaintance's house. As a result, appellant was adjudged a ward of the court and placed on probation. One probation condition prohibited him from associating with anyone disapproved

by a parent or probation officer. In the published portion of this opinion, we will hold that, although the juvenile court could not forbid association with any person "not approved," it could forbid association with any person "disapproved," as long as it also required that appellant know of the disapproval. We will affirm the judgment.

### I, II*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### III

### "NO CONTACT" PROBATION CONDITION

Appellant asserts that the juvenile court abused its discretion by imposing a probation condition prohibiting contact with any person disapproved by a parent or probation officer.

The juvenile court's oral ruling stated that appellant must "[n]ot have any direct or indirect contact with anyone disapproved by parent, guardian, probation officer or staff." Its minute order, however, recited that appellant must "[n]ot have direct or indirect contact with anyone *known to be* disapproved by parent(s)/guardian(s)/probation officer, staff." (Italics added.)

Appellant did not object to this condition at sentencing. The People therefore argue that he waived his challenge to it, although they acknowledge that there is contrary authority. (See *In re Justin S.* (2001) 93 Cal.App.4th 811, 813–815 [113 Cal.Rptr.2d 466].) This issue is presently before the Supreme Court in *In re Sheena K.* (2004) 116 Cal.App.4th 436 [10 Cal.Rptr.3d 444], review granted June 9, 2004, S123980. Because we come to the same result on the merits, we assume, without deciding, that the contention has not been waived.

"A juvenile court is vested with broad discretion to select appropriate probation conditions. [Citation.] The court may impose any reasonable condition that is 'fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced.' ([Welf. & Inst. Code,] § 730, subd. (b).)" (*In re Antonio C.* (2000) 83 Cal.App.4th 1029, 1033 [100 Cal.Rptr.2d 218].)

---

*See footnote, *ante*, page 1013.

An adult probation condition is unreasonable if "it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' [Citation.]" (*People v. Lent* (1975) 15 Cal.3d 481, 486 [124 Cal.Rptr. 905, 541 P.2d 545], fn. omitted, quoting *People v. Dominguez* (1967) 256 Cal.App.2d 623, 627 [64 Cal.Rptr. 290].) In addition, an adult probation condition is overbroad if it unduly restricts the exercise of a constitutional right. "[C]onditions of probation that impinge on constitutional rights must be tailored carefully and 'reasonably related to the compelling state interest in reformation and rehabilitation . . . .' [Citation.]" (*People v. Delvalle* (1994) 26 Cal.App.4th 869, 879 [31 Cal.Rptr.2d 725], quoting *People v. Mason* (1971) 5 Cal.3d 759, 768 [97 Cal.Rptr. 302, 488 P.2d 630] (dis. opn. of Peters, J.)

However, "[t]he juvenile court's broad discretion to fashion appropriate conditions of probation is distinguishable from that exercised by an adult court when sentencing an adult offender to probation. Although the goal of both types of probation is the rehabilitation of the offender, '[j]uvenile probation is not, as with an adult, an act of leniency in lieu of statutory punishment; it is an ingredient of a final order for the minor's reformation and rehabilitation.' [Citation.] . . . [¶] In light of this difference, a condition of probation that would be unconstitutional or otherwise improper for an adult probationer may be permissible for a minor under the supervision of the juvenile court. [Citations.] ' "Even conditions which infringe on constitutional rights may not be invalid if tailored specifically to meet the needs of the juvenile [citation]." ' [Citations.]" (*In re Tyrell J.* (1994) 8 Cal.4th 68, 81–82 [32 Cal.Rptr.2d 33, 876 P.2d 519], quoting *In re Ronnie P.* (1992) 10 Cal.App.4th 1079, 1089 [12 Cal.Rptr.2d 875] and *In re Binh L.* (1992) 5 Cal.App.4th 194, 203 [6 Cal.Rptr.2d 678], quoting *In re Michael D.* (1989) 214 Cal.App.3d 1610, 1616 [264 Cal.Rptr. 476].)

We are aware of two cases dealing with a probation condition like the one here. First, in *In re Frank V.* (1991) 233 Cal.App.3d 1232 [285 Cal.Rptr. 16], a gun was found in the minor's pocket. (*Id.* at p. 1237.) One probation condition required him not to "associate with anyone disapproved of by his probation officer." (*Ibid.*) He challenged this condition as overbroad and as infringing his constitutional right of association. (*Id.* at p. 1241.)

The appellate court upheld the condition. It began by noting that: "Although minors possess constitutional rights [citation], '[i]t is equally well established . . . that the liberty interest of a minor is not coextensive with that

of an adult. "[E]ven where there is an invasion of protected freedoms 'the power of the state to control the conduct of children reaches beyond the scope of its authority over adults.' " [Citations.] Parents, of course, have powers greater than that of the state to curtail a child's exercise of the constitutional rights the child may otherwise enjoy, for a parent's own constitutionally protected "liberty" includes the right to "bring up children" [citation,] and to "direct the upbringing and education of children." [Citation.]' [Citation.] [¶] Frank was declared a ward of the court, which acts in *parens patriae*." (*In re Frank V., supra,* 233 Cal.App.3d at pp. 1242–1243, quoting *In re Roger S.* (1977) 19 Cal.3d 921, 928 [141 Cal.Rptr. 298, 569 P.2d 1286].)

The court concluded: "His purchase of the .38-caliber automatic discovered in his jacket from an unknown 'person on the streets' demonstrates the need for such control and the rational relation between the crime and the condition. The juvenile court could not reasonably be expected to define with precision all classes of persons which might influence Frank to commit further bad acts. It may instead rely on the discretion of his parents, and the probation department acting as parent, to promote and nurture his rehabilitation." (*In re Frank V., supra,* 233 Cal.App.3d at p 1243.) "The probation condition is consistent with the rehabilitative purpose of probation and constitutional parental authority. Frank's constitutional right of association has not been impermissibly burdened." (*Ibid.*)

Next, in *In re Kacy S.* (1998) 68 Cal.App.4th 704 [80 Cal.Rptr.2d 432], the challenged probation condition required the minor not to " 'associate with any persons not approved by his probation officer.' " (*Id.* at p. 712.) The court held this condition was both unreasonable and overbroad because it "literally requires the probation officer to approve Daren's 'associat[ion]' with 'persons' such as grocery clerks, mailcarriers and health care providers. Nor does the present record justify such a sweeping limitation on Daren's liberty. [Citation.]" (*Id.* at p. 713.) The court did not cite or discuss *Frank V.*

The crucial difference between *Kacy S.* and *Frank V.* is that the valid probation condition referred to persons "disapproved"; the invalid one referred to persons "not approved." Typically, grocery clerks, mailcarriers and health care providers have been neither approved nor disapproved. Requiring advance approval is impractical. A parent or probation officer can hardly be expected to specify all of the innocuous people with whom the minor may come into contact. Requiring advance disapproval makes the probation condition workable and saves it from overbreadth.

The probation condition here referred to persons "disapproved." Thus, *Frank V.* applies. The juvenile court, acting in *parens patriae*, could limit appellant's right of association in ways that it arguably could not limit an adult's. Appellant asserts that the condition "is too broad to be reasonably related to future criminality. . . . [T]here is nothing to suggest that the minor routinely got in trouble by associating with the wrong types of people." In *Frank V.*, however, there likewise was no evidence that the minor "routinely" associated with "bad eggs." Here, as in *Frank V.*, there was evidence that, solely in the case before the court, appellant's misconduct had been influenced by other people. Indeed, here appellant acted in concert with two other delinquents.

■ So far, we have been discussing only unreasonableness and overbreadth. However, a probation condition also may be challenged as excessively vague. " 'It is an essential component of due process that individuals be given fair notice of those acts which may lead to a loss of liberty. [Citations.] This is true whether the loss of liberty arises from a criminal conviction or the revocation of probation. [Citations.] [¶] " 'Fair notice' requires only that a violation be described with a ' "reasonable degree of certainty" ' . . . so that 'ordinary people can understand what conduct is prohibited.' . . . " ' [Citation.]" (*In re Angel J.* (1992) 9 Cal.App.4th 1096, 1101–1102 [11 Cal.Rptr.2d 776], quoting *In re Robert M.* (1985) 163 Cal.App.3d 812, 816 [209 Cal.Rptr. 657], quoting *Burg v. Municipal Court* (1983) 35 Cal.3d 257, 270–271 [198 Cal.Rptr. 145, 673 P.2d 732].)

■ We may assume, without deciding, that a probation condition prohibiting contact with disapproved persons regardless of whether the minor knew of the disapproval would be unconstitutionally vague. (See *In re Justin S.*, *supra*, 93 Cal.App.4th at p. 816.) Even if so, the condition here does seem to imply that the minor must be aware of the disapproval. In any event, unlike the juvenile court's oral ruling, its minute order did include the crucial words, "known to be." The clerk's minutes and the reporter's transcript are to be harmonized, if possible. (*People v. Smith* (1983) 33 Cal.3d 596, 599 [189 Cal.Rptr. 862, 659 P.2d 1152].) In this case, the clerk's transcript simply clarifies a point that the reporter's transcript left ambiguous. We conclude that the minute order correctly recites the juvenile court's ruling. (*People v. Bowie* (1962) 200 Cal.App.2d 291, 294 [19 Cal.Rptr. 217]; *People v. Perkins* (1959) 172 Cal.App.2d 781, 783 [342 P.2d 303].) Accordingly, regardless of whether appellant waived his vagueness contention, the probation condition, as stated in the minute order, is not unreasonable, overbroad, or void for vagueness.

## IV

## DISPOSITION

The judgment is affirmed.

Hollenhorst, Acting P. J., and Gaut, J., concurred.