Filed 5/7/13  In re M.M. CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re M.M., a Person Coming Under the Juvenile Court Law. | B240986 (Los Angeles County Super. Ct. No. KJ36798) |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>M.M.,<br><br>        Defendant and Appellant. | |

APPEAL from an order of the Superior Court for the County of Los Angeles. Merrill L. Toole, Temporary Judge.  (Pursuant to Cal. Const. art. VI, § 21.)  Affirmed.

Holly Jackson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, and Analee J. Brodie, Deputy Attorney General, for Plaintiff and Respondent.

_____

## SUMMARY

The only issue raised in this case is whether a probation condition ordering the minor defendant, M.M., to participate in counseling was unconstitutionally vague and overbroad. The minor forfeited his claim by failing to present it to the juvenile court, and in any event the condition was not vague or overbroad. We affirm the juvenile court's order.

## FACTS

In December 2011, the Los Angeles County District Attorney filed a petition alleging that the minor came within the provisions of Welfare and Institutions Code section 602, in that he committed the crime of misdemeanor sexual battery in violation of Penal Code section 243.4, subdivision (e)(1) ["Any person who touches an intimate part of another person, if the touching is against the will of the person touched, and is for the specific purpose of sexual arousal, sexual gratification, or sexual abuse, is guilty of misdemeanor sexual battery"].

The minor denied the allegation, but the evidence presented to the juvenile court established all the elements of the crime. The minor, the female victim, and M.O, the victim's very close friend, were students at the same high school. During a class, all the students were playing a game requiring them to get up and change seats from time to time. When the victim got up to change seats during the game, the-minor reached out and touched the victim's crotch area with his right hand. M.O. saw the minor touch the victim in her crotch area, and another student saw the minor touch the victim on her "thighs, butt," but could not see "how far in it went, but around that area." When the minor touched her, the victim said, "What the hell are you doing?" and went to the back of the classroom. She would not talk to M.O. or anyone else and "was upset about the situation." The next day, the minor brought a teddy bear to class and said he was going to give it to the victim "[b]ecause he felt bad for what he did."

The victim reported the matter to the assistant principal, and then to the police, on the day after the incident. The investigating officer interviewed the victim, who was emotionally upset and cried. The officer interviewed the minor, who told him that he

2

touched the victim's leg and she got upset. The minor told the officer that, just before the game began, he, the victim and M.O. had been talking about their sexual encounters on the previous weekend and that "it turned him on" and he "became sexually aroused." The minor told the officer he saw M.O. touch or slap the victim playfully, and he wanted to "play along with [the victim], as well, because he was . . . attracted to her, liked her, and wanted to ask her out on a date."

The juvenile court sustained the petition, placed the minor home on probation, and, as a condition of probation, ordered the minor to "participate in a program of counseling." Item 36 of the court's "MINUTE ORDER – CONDITIONS OF PROBATION" states the condition: "Participate in a program of counseling with or without parent/guardian. TO ADDRESS SEXUAL BOUNDARIES."

The minor filed a timely appeal.

## DISCUSSION

The minor contends that the probationary term requiring him to attend counseling is unconstitutionally vague and overbroad. The minor bases this contention on the following colloquy among the court, the probation officer, and the prosecutor during the court's imposition of the terms and conditions of the minor's probation:

> "[THE COURT]: Thirty-six, participate in a program of counseling.
>
> "And, Mr. Gonzalez [apparently the probation officer], what was that program you were talking about?
>
> "PROBATION OFFICER: I just said the issue[,] counseling for –
>
> "THE COURT: To address boundaries, sexual boundaries. Okay.
>
> "[THE PROSECUTOR]: I think compulsion class or something.
>
> "THE COURT: Yes. But not a formal sexual offender program. I'm not asking for that. Definitely not.
>
> "That's going to be number 36."

The court then set the matter for a progress report in six months, observing that "we want to see from the counselor a report on the issues addressed and [the minor's] attendance and [the minor's] progress. . . . That should be attached to the next report." The minor

3

did not object in the trial court that he did not understand what the counseling condition meant.

The minor now asserts the counseling condition must be modified "to require that [the minor] be notified of the precise class in which he is to enroll[,]" and that this court should either strike the condition or remand the case "for a re-evaluation of the proper condition." According to the minor, the counseling condition "was ordered to address vague and conflicting issues; one being sexual boundaries; the other being compulsion control." The minor says that "a person of common intelligence may reasonably not know whether the class they are required to take actually addresses either or neither, or both of the issues addressed by the juvenile court in Condition 36[,]" and that he did not receive the "fair warning" described in *In re Sheena K.* (2007) 40 Cal.4th 875, 890 (*Sheena K.*).

We conclude the minor forfeited his claim, but even if he did not, the condition imposed was not unconstitutionally vague or overbroad. The applicable principles on both points were enunciated by the Supreme Court in *Sheena K.*, where the juvenile defendant challenged a probation condition requiring that she "'not associate with anyone disapproved of by probation'" on the ground it was "vague or overbroad and thus *facially* unconstitutional." (*Sheena K.*, *supra,* 40 Cal.4th at p. 878, italics added.)

*Sheena K.* held that the defendant's constitutional challenge to her probation condition was not forfeited despite her failure to object when it was imposed by the juvenile court. (*Sheena K.*, *supra*, 40 Cal.4th at p. 879.) The probation condition in *Sheena K.* presented "an asserted error that is a pure question of law, easily remediable on appeal by modification of the condition." (*Id*. at p. 888.) *Sheena K.* explained that "an appellate claim—*amounting to a 'facial challenge'*—that phrasing or language of a probation condition is unconstitutionally vague and overbroad because, for example, of the absence of a requirement of knowledge . . . , does not require scrutiny of individual facts and circumstances but instead requires the review of abstract and generalized legal concepts—a task that is well suited to the role of an appellate court." (*Id*. at p. 885, italics added.) Failure to present the claim to the juvenile court had no impact "on the

4

same proceedings 'downstream'" and "present[ed] an important question of law that . . . is likely to be reviewed on the merits by the appellate court notwithstanding the applicability of the forfeiture rule." (*Id.* at p. 888.) "For those reasons, we conclude defendant's claim that her probation condition was unconstitutionally vague and overbroad was not forfeited by her failure to raise it in juvenile court." (*Id.* at p. 889.)

But the court's discussion shows that not all claims of unconstitutional vagueness are excepted from the forfeiture rule. Thus, "a probation condition may not be patently unconstitutional but may suffer nonetheless from vagueness or overbreadth. Or in some instances, a constitutional defect may be correctable only by examining factual findings in the record or remanding to the trial court for further findings." (*Sheena K.*, *supra*, 40 Cal.4th at p. 887.) On the other hand, "a challenge to a term of probation on the ground of unconstitutional vagueness or overbreadth that is capable of correction without reference to the particular sentencing record developed in the trial court *can* be said to present a pure question of law." (*Ibid.*) That was the case in *Sheena K.*, but it is not the case here, where the minor's claim of unconstitutional vagueness requires "reference to the particular sentencing record" (*ibid.*) and does not "amount[] to a 'facial challenge'" (*id.* at p. 885), however he may label it.

Moreover, the court in *Sheena K.* added an express caveat to its conclusion that the defendant's vagueness and overbreadth claim in that case was not forfeited. The court said: "We caution, nonetheless, that our conclusion does not apply in every case in which a probation condition is challenged on a constitutional ground. As stated by the court in *Justin S.* [*In re Justin S.* (2001) 93 Cal.App.4th 811], we do not conclude that 'all constitutional defects in conditions of probation may be raised for the first time on appeal, since there may be circumstances that do not present "pure questions of law that can be resolved without reference to the particular sentencing record developed in the trial court." [Citation.] In those circumstances, "[t]raditional objection and waiver principles encourage development of the record and a proper exercise of discretion in the trial court." [Citation.]' [Citation.] We also emphasize that generally, given a meaningful opportunity, the probationer should object to a perceived facial constitutional

5

flaw at the time a probation condition initially is imposed in order to permit the trial court to consider, and if appropriate in the exercise of its informed judgment, to effect a correction." (*Sheena K.*, *supra*, 40 Cal.4th at p. 889.)

We believe this is a case for application of *Sheena K.*'s cautionary directive. The circumstances here do not present a """"pure question[] of law"""" that can be resolved without reference to the sentencing record in the trial court. (*Sheena K.*, *supra*, 40 Cal.4th at p. 889.) The asserted error—"conflicting topics" for counseling rendering the probation condition unconstitutionally vague—is correctable only by remanding the matter to the trial court to determine, as the minor himself says, "the precise class in which he is to enroll." The minor expressly requests a remand "for a re-evaluation of the proper condition." In these circumstances, the minor forfeited his claim by failing to object to the constitutional flaw he perceives in the trial court's probation condition. (See *In re Luis F.* (2009) 177 Cal.App.4th 176, 181, 182 [a challenge on grounds of vagueness or overbreadth "is forfeited by failure to object unless the error is one that is 'capable of correction without reference to the particular sentencing record developed in the trial court'"; under *Sheena K.,* the minor defendant's objection "would appear to have been forfeited, despite his labeling it in part a facial challenge"].)

Even had the minor not forfeited the point, we would conclude the condition imposed was not unconstitutionally vague or overbroad. The rule is that a probation condition "'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness." (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.)

Here, the minor complains that the probation condition does not provide "fair warning" or "fair notice" of the type of counseling required of him. We disagree. Even if we assume some ambiguity was created when the court said "yes" after the prosecutor said, "I think compulsion class or something[,]" any such ambiguity was resolved by the juvenile court's minute order. *Sheena K.* itself makes this clear. The court pointed out that, in cases involving probation conditions prohibiting contact with persons

6

disapproved of by the probation officer or parents, several courts of appeal "have recognized that a probation condition that otherwise would be deemed vague may be constitutional *because the juvenile court offered additional oral or written comments clarifying* that the minor must have knowledge of the persons disapproved of by the authorities." (*Sheena K.*, *supra*, 40 Cal.4th at p. 891, boldface and italics added.) In one of those cases, the appellate court rejected the minor's vagueness challenge "because the juvenile court's minute order included the 'crucial words, "known to be"'" disapproved of by the authorities. (*Ibid.*, citing *In re Byron B.* (2004) 119 Cal.App.4th 1013, 1018 (*Byron B.*)

As *Byron B.* said: "[U]nlike the juvenile court's oral ruling, its minute order did include the crucial words, 'known to be.' The clerk's minutes and the reporter's transcript are to be harmonized, if possible. [Citation.] In this case, the clerk's transcript simply clarifies a point that the reporter's transcript left ambiguous. We conclude that the minute order correctly recites the juvenile court's ruling." (*Byron B.*, *supra*, 119 Cal.App.4th at p. 1018.)

The same is true in this case. The minute order provides notice to the minor that, as a condition of probation, he must "[p]articipate in a program of counseling . . . TO ADDRESS SEXUAL BOUNDARIES." Accordingly, as in *Byron B.*, whether or not the minor forfeited his vagueness contention, "the probation condition, as stated in the minute order, is not . . . overbroad[] or void for vagueness." (*Byron B.*, *supra*, 119 Cal.App.4th at p. 1018.)

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


GRIMES, J.

WE CONCUR:


RUBIN, Acting P. J.


FLIER, J.

8