Filed 1/23/14  In re Abigail S. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re ABIGAIL S., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>ABIGAIL S.,<br><br>     Defendant and Appellant. | G048420<br><br>(Super. Ct. No. DL044323)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Gregory W. Jones, Judge.  Affirmed as modified.

Sarita Ordonez, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Marrissa Bejarano, Deputy Attorneys General, for Plaintiff and Respondent.

\*　　\*　　\*

The Orange County Juvenile Court placed minor Abigail S. (born March 1997) on juvenile probation for prostitution-related activity. The parties agree a probation condition requiring Abigail not to associate with anyone involved in prostitution activities is vague because Abigail could unknowingly violate the prohibition. As modified, we affirm the judgment.

I

### FACTS AND PROCEDURAL BACKGROUND

On the morning of March 2, 2013, Los Angeles undercover vice officers spotted 15-year-old Abigail walking in an area where prostitution flourished. They watched her talking with a male motorist while wearing tight black pants and a partially opened shirt exposing her bra. She entered the vehicle of a second motorist and rode off. Officers stopped the car and arrested Abigail. Abigail's mother reported Abigail missing two weeks earlier.

The Los Angeles County District Attorney filed a petition under Welfare and Institutions Code section 602 alleging Abigail loitered to commit prostitution (Pen. Code, § 653.22, subd.(a); all statutory citations are to the Penal Code unless noted). Abigail admitted the allegation and the juvenile court transferred the case to Orange County where Abigail's mother lived. The court placed Abigail on probation on various terms and conditions.

On April 8, Abigail left home ostensibly to visit her probation officer but did not return. The Orange County probation department filed a notice alleging Abigail had violated probation by fighting at school (§ 415, subd. (1)), leaving home without permission, failing to report to the probation officer, and absconding from probation and

2

parental supervision. In early May, Abigail received a citation for being a pedestrian in a roadway and loitering and Van Nuys police arrested her for prostitution the following day. On May 8, Abigail admitted the probation violations. The court committed her to juvenile hall or other appropriate facility for 30 days and continued her on probation. The court advised Abigail the previously imposed "terms and conditions of probation remain in full force and effect."

## II

### DISCUSSION

*Probation Condition Directing Abigail Not to Associate With Anyone Involved in Prostitution Activities Of Any Type is Vague and Must Be Modified*

The court advised Abigail on the record "You are not to associate with anyone who is involved in prostitution activities of any type." The minute order from the hearing provides, "Minor not to associate with anyone *knowlingly* [*sic*] involved in prostitution activity of any type." (Italics added.) (See *In re Byron B.* (2004) 119 Cal.App.4th 1013, 1018 [oral pronouncement in the reporter's transcript and minute order should be harmonized to the extent possible].)

The parties agree the condition is unconstitutionally vague because the court's oral pronouncement and the minute order do not unambiguously provide Abigail must know the persons with whom she is prohibited from associating are involved in prostitution activity. (*In re Sheena K.* (2007) 40 Cal. 4th 875, 890; *In re H.C.* (2009) 175 Cal.App.4th 1067, 1071 [requirement is that the minor be "'possessed of knowledge'"; condition modified to read "'You [] will not associate with any person known to you to be on probation, on parole or a member of a criminal street gang'"].) We accept the Attorney General's concession and will modify the probation condition as follows: "You are not to associate with anyone you know is involved in prostitution activities of any type."

3

## III

### DISPOSITION

The probation order is modified (§ 1260) as indicated above. The juvenile court is directed to prepare an amended minute order incorporating the modification and to provide a copy to the parties and the Orange County probation department. In all other respects, the judgment is affirmed.


ARONSON, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


MOORE, J.

4