Filed 2/20/14  P. v. Tinoco CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. JOSE TINOCO, Defendant and Appellant. | F066774 (Super. Ct. No. F13900091) **OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Jon N. Kapetan, Judge.

Rachel Varnell, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Lewis A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Cornell, Acting P.J., Gomes, J. and Poochigian, J.

After pleading no contest to stealing a vehicle and receiving a stolen vehicle, defendant José Tinoco was granted probation with various conditions attached. On appeal, he contends some probation conditions are unconstitutionally overbroad and/or vague. We will affirm.

## DISCUSSION

At the sentencing hearing, the trial court pronounced the following probation conditions, among others:

> "You are not to be in a gang or associate with any person in a gang as defined by Penal Code section 186.22[, subdivisions] (e) and (f). [¶] You are not to wear or possess any gang related paraphernalia or indicia; however, you are not required to remove any presently existing tattoos."

The minute order expressed these conditions somewhat differently:

> "Do not be involved in or associate with any person known to you to be a gang (meaning a 'criminal street gang' as defined in Penal Code Section 186.22[, subdivisions (e) and (f)]) member. Do not wear or possess any item known to be such by you including any gang insignia, moniker or pattern, jewelry with gang significance, nor display insignia, moniker or other markings of gang significance known to be such by you on your person or property as may be identified by law enforcement or the Probation Officer, except that you shall not be required to remove the tattoos on your body that existed at the time of sentencing."

## I.     Gang Association and Paraphernalia

Defendant contends the trial court imposed unconstitutionally overbroad and/or vague probation conditions when it advised him not to associate with gang members and not to wear or possess any gang paraphernalia without including a knowledge requirement. In response, the People argue that defendant had adequate notice of the knowledge requirement because the court's minute order included it with the language "known to you" and "known to be such by you." The People explain that in a case like this, the minute order clarifies the court's oral pronouncement. We agree.

2.

In *In re Byron B.* (2004) 119 Cal.App.4th 1013 (*Byron B.*), relied on by the People, the appellate court concluded the minute order clarified the juvenile court's oral pronouncement of probation conditions. There, as here, the minute order did include the knowledge requirement missing from the oral pronouncement. The appellate court explained: "In any event, unlike the juvenile court's oral ruling, its minute order did include the crucial words, 'known to be.' The clerk's minutes and the reporter's transcript are to be harmonized, if possible. [Citation.] In this case, the clerk's transcript simply clarifies a point that the reporter's transcript left ambiguous. We conclude that the minute order correctly recites the juvenile court's ruling. [Citations.] Accordingly, … the probation condition, as stated in the minute order, is not unreasonable, overbroad, or void for vagueness." (*Id.* at p. 1018.)

A few years after *Byron B.*, the Supreme Court noted the following in *In re Sheena K.* (2007) 40 Cal.4th 875 (*Sheena K.*): "Several Courts of Appeal have recognized that a probation condition that otherwise would be deemed vague may be constitutional because the juvenile court offered additional oral or written comments clarifying that the minor must have knowledge of the persons disapproved of by the authorities. In *Byron B., supra,* 119 Cal.App.4th at page 1018, the appellate court rejected the minor's challenge, on the ground of vagueness, to a probation condition prohibiting contact with any person disapproved of by a parent, probation officer, or others, because the juvenile court's minute order included the 'crucial words "known to be"'; the condition was upheld as providing that the minor 'must "[n]ot have direct or indirect contact with anyone known to be disapproved by parent(s)/guardian(s)/probation officer, staff."'" (*Id.* at p. 1015.) Similarly, in *In re Frank V.* (1991) 233 Cal.App.3d 1232 (*Frank V.*), the reviewing court upheld a probation condition failing to specify that the minor know who was disapproved of, because at the oral proceedings the juvenile court advised that the persons with whom the probationer was precluded from associating were those whom his parents and the probation officer '"tell you … that you can't hang out

3.

with."'" (*Frank V.,* at p. 1241; see also [*People v.*]*King*[ (1968)] 267 Cal.App.2d [814,] 824-825 [probation condition forbidding participation in demonstrations was not vague or indefinite, because the trial court gave a detailed explanation of the condition and the activity that might subject the defendant to probation revocation].)" (*Sheena K.,* supra,* at p. 891.)

In *Sheena K.*, the court noted that neither the oral pronouncement nor the minute order included a knowledge element in the probation condition: "Both as orally pronounced by the juvenile court, and as set forth in the minute order, the probation condition did not notify defendant in advance with whom she might not associate through any reference to persons whom defendant knew to be disapproved of by her probation officer. In contrast to *Byron B., supra,* 119 Cal.App.4th at page 1018, and *Frank V., supra,* 233 Cal.App.3d at page 1241, upon which the Attorney General relies, the juvenile court in the present case did not clarify that the probation condition required such notice to the probationer." (*Sheena K., supra,* 40 Cal.4th at pp. 891-892.) Accordingly, the court agreed that the probation condition needed to be modified to include a knowledge requirement. (*Id.* at p. 892.)

Defendant argues that the court's oral pronouncement should control in this case because neither he nor the probation department would have adequate notice from the minute order. He also attempts to distinguish the above cited cases because they were juvenile cases. We do not find merit in these arguments and are persuaded to follow *Byron B.* We conclude defendant received adequate notice of the knowledge requirement included in the minute order.

## II.    Being in a Gang

Defendant also argues that the probation condition prohibiting him from being in a gang is unconstitutionally vague because it does not inform him what he, as a current gang member, must do—for example, whether he must terminate his current gang membership, avoid participating in gang activities, or simply avoid geographical gang

4.

territory. He says that because he is required to guess at the requirements of the condition, upon which he and his probation officer could differ, the condition fails to give him adequate notice. He urges us to either strike the condition or modify it to include more specific requirements.

As noted above, the court stated to defendant: "You are not to be in a gang or associate with any person in a gang as defined by Penal Code section 186.22[, subdivisions] (e) and (f)." The minute order stated: "Do not be involved in or associate with any person known to you to be a gang … member." (Presumably, this means to say, "Do not be involved in [*a gang*] or associate with any person known to you to be a gang … member.") We think these statements clearly prohibit defendant from being in a criminal street gang (including his own), associating with anyone he knows to be a gang member, and being involved in any activities he knows to be gang activities.

## **DISPOSITION**

The judgment is affirmed.