Filed 7/31/14  In re William H. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re WILLIAM H., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>WILLIAM H.,<br><br>    Defendant and Appellant. | G048693<br><br>(Super. Ct. No. DL043809)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Gregory W. Jones, Judge.  Affirmed in part, dismissed as moot in part.

Susan L. Ferguson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, William M. Wood and Brendon W. Marshall, Deputy Attorneys General, for Plaintiff and Respondent.

\*       \*       \*

The juvenile court found true an allegation that William H. (who was a minor at the time of the alleged conduct but has since turned 18 years old) committed petty theft.  (Pen. Code, §§ 484, subd. (a), 488.)  The court declared minor to be a ward of the court (Welf. & Inst. Code, § 602) and placed him on formal probation (Welf. & Inst. Code, § 730, subd. (b)).  Minor challenges the sufficiency of the evidence supporting the petty theft finding, claiming in particular that the prosecution did not prove the corpus delicti independently from minor's extrajudicial statements.  Minor also challenges a probation condition limiting his freedom of association.  We affirm the judgment and dismiss minor's challenge to the probation condition as moot.

FACTS

At 10:25 p.m. on February 23, 2013, Irvine police responded to the scene of a collision between a car and pedestrian.  Minor was being treated by paramedics. Nearby were a broken skateboard and a damaged plastic hand basket from a Ralph's grocery store (Ralph's); within or near the basket were a bottle of vodka and multiple broken bottles of Mike's Hard Lemonade.  Ralph's was a few hundred yards away from the scene of the accident.

2

Minor was treated at the hospital for serious injuries, including a collapsed lung and broken ribs.  The police officer who responded to the scene of the collision visited minor at the hospital one hour after minor was admitted.  Minor appeared lucid, but complained it was difficult to breathe.  Upon the officer's questioning (for approximately 10 to 15 minutes), minor ultimately admitted he entered Ralph's, placed the bottle of vodka and other beverages into the plastic hand basket, and walked out of the store without paying.

At trial, minor testified that his friend John, who was 22 years old, handed the alcohol to minor in the plastic hand basket.  Minor then left John's house and rode his skateboard across the street, where he was struck by a car.  Minor did not recall admitting to the police officer that he took the alcohol and denied ever telling the officer that he stole the alcohol.

## DISCUSSION

*Corpus Delicti*

"In every criminal trial, the prosecution must prove the corpus delicti, or the body of the crime itself — i.e., the fact of injury, loss, or harm, and the existence of a criminal agency as its cause.  In California, it has traditionally been held, the prosecution cannot satisfy this burden by relying *exclusively* upon the extrajudicial statements, confessions, or admissions of the defendant."  (*People v. Alvarez* (2002) 27 Cal.4th 1161, 1168-1169.)  "[A] conviction cannot stand" if "the trial record lacks independent evidence of the corpus delicti."  (*Id*. at p. 1170.)  "This rule is intended to ensure that one will not be falsely convicted, by his or her untested words alone, of a crime that never happened."  (*Id*. at p. 1169.)

Minor admitted to a police officer at the hospital that he stole the alcohol. But minor contends there is no independent evidence that the alcohol was stolen from Ralph's. No one from Ralph's testified that any alcohol had been stolen. No percipient witness testified that they saw minor steal the alcohol. And minor denied stealing the alcohol in his testimony at trial.[1]

"'Proof of the corpus delicti need not be beyond a reasonable doubt; a slight or prima facie showing is sufficient.'" (*People v. Kraft* (2000) 23 Cal.4th 978, 1057.) "The independent proof may be circumstantial and . . . is sufficient if it permits an inference of criminal conduct, even if a noncriminal explanation is also plausible." (*People v. Alvarez*, *supra*, 27 Cal.4th at p. 1171.) "'The inference [that a crime has been committed] need not be "the only, or even the most compelling, one . . . [but need only be] a *reasonable* one."'" (*People v. Ledesma* (2006) 39 Cal.4th 641, 722.)

We agree with the juvenile court that there is independent evidence supporting a reasonable inference that minor committed petty theft by shoplifting the alcohol from the nearby Ralph's. First, minor was 17 years old at the time and therefore unable to purchase the alcohol by legitimate means. Second, the Ralph's was nearby and minor carried the alcohol in a Ralph's hand basket. Third, in the ordinary course of things, purchasers of items at a grocery store abandon the unwieldy hand basket in exchange for a grocery bag, a much more convenient means of carrying items outside of the store — particularly for one riding a skateboard. Minor is correct that there are conceivable explanations for this circumstantial evidence that do not involve minor stealing the alcohol from Ralph's. But that is beside the point. The circumstantial

---

[1] The court granted minor's motion to exclude from evidence a police officer's testimony regarding the contents of surveillance video from Ralph's. The video was unavailable at trial because the police did not obtain a copy of the video before it was destroyed.

4

evidence attested to by the police officer amounts to adequate independent evidence of the theft.

*Probation Condition*

Minor also challenges the following probation condition imposed by the court as constitutionally overbroad: "Minor not to associate with anyone who you know is disapproved by the Court, your parent/guardian, or probation officer, or anyone who you know is on probation or parole, or a criminal street or tagging crew [member,] or using/selling/possessing, or under the influence of alcohol or controlled substances." This condition was first imposed in December 2012 as a result of a prior delinquency petition (for public intoxication), which resulted in minor being committed to nonwardship probation. The court simply ordered that the prior conditions continue in June 2013, when minor was deemed a ward of the court as a result of the petty theft finding. The parties do not address whether minor is foreclosed on timeliness grounds (i.e., he needed to appeal the December 2012 judgment) from appealing this probation condition. (See *In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1138-1141.)

Minor did not argue against the imposition of this condition below (either in December 2012 or June 2013); assuming this issue is still live, he would be limited to arguing that the condition is overbroad on its face. (See *In re Sheena K.* (2007) 40 Cal.4th 875, 888-889 [claims that probation conditions are constitutionally overbroad and/or vague may be raised for first time on appeal, so long as they represent pure questions of law].)

At oral argument, both parties conceded minor had been discharged from probation while this appeal pended and that there was no practical relief that could be provided to minor on this issue. The Attorney General requested that we dismiss the appeal of the probation condition as moot. "'A case is moot when any ruling by [the

5

appellate] court can have no practical impact or provide the parties effectual relief.'" (*Carson Citizens for Reform v. Kawagoe* (2009) 178 Cal.App.4th 357, 364.)

Counsel for minor contended we should decide the issue despite the lack of relief available to minor because the same issue could recur in other cases. "[T]here are three discretionary exceptions to the rules regarding mootness: (1) when the case presents an issue of broad public interest that is likely to recur [citation]; (2) when there may be a recurrence of the controversy between the parties [citation]; and (3) when a material question remains for the court's determination [citation]." (*Cucamongans United for Reasonable Expansion v. City of Rancho Cucamonga* (2000) 82 Cal.App.4th 473, 479-480.)

We conclude this is not a proper case to exercise our discretion to decide a moot issue. Minor is no longer a juvenile; the present controversy will not recur with regard to minor. The procedural history of minor's case (i.e., the multiple forfeitures by trial counsel with regard to the probation condition) merit against our reaching out to analyze this particular question, as it may be an issue unlikely to recur in other juveniles' cases when the issue is properly raised below. Numerous cases already address juvenile probation conditions bearing on associational rights. (E.g., *In re Sheena K.*, *supra*, 40 Cal.4th at pp. 889-892; *In re Victor L.* (2010) 182 Cal.App.4th 902, 911-912; *In re Ramon M.* (2009) 178 Cal.App.4th 665, 676, 678; *In re Byron B.* (2004) 119 Cal.App.4th 1013, 1015-1018; *In re Frank V.* (1991) 233 Cal.App.3d 1232, 1241-1243.) And at least one case already addressed the effect of a minor turning 18 years old during the pendency of a juvenile case on juvenile court probation conditions. (*In re Victor L.*, *supra*, 182 Cal.App.4th at pp. 927-930.) Thus, there is no broad public interest in a published decision in this case. In sum, we decline to exercise our discretion to decide this issue and reject this portion of minor's appeal as moot.

DISPOSITION

With respect to minor's challenge to his probation condition, the appeal is dismissed as moot.  The judgment is otherwise affirmed.


IKOLA, J.

WE CONCUR:


ARONSON, ACTING P. J.


FYBEL, J.

7