Filed 5/15/15  P. v. Hayward CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>MARK A. HAYWARD,<br><br>        Defendant and Appellant. | A142463<br><br>(Sonoma County<br>Super. Ct. No. SCR619836) |

Mark A. Hayward appeals from the judgment entered following his no contest plea.  He seeks a remand for clarification of his sentence.  We affirm.

BACKGROUND

In March 2013, appellant pled no contest to grant theft (Pen. Code, § 487, subd. (a); count one) and fraud (*id.*, § 532, subd. (a); count two).  According to the probation report, appellant induced an acquaintance to loan him approximately $80,000 by showing her fraudulent documents supposedly demonstrating his ability to repay the loan.

The trial court sentenced appellant to two years imprisonment.  The probation report recommended sentence on count two be stayed pursuant to Penal Code section 654.  At the sentencing hearing, the court made no oral pronouncement with respect to count two.  The minute order for the hearing, however, provides the sentence on count two is stayed.

1

## DISCUSSION

Appellant contends the trial court's failure to orally pronounce that the sentence on count two is stayed was not corrected by the minute order, and we should therefore remand to the trial court to make this oral pronouncement.[1]  We disagree.

If there is a conflict between the reporter's transcript and the clerk's transcript, "the modern rule is not automatic deference to the reporter's transcript, but rather adoption of the transcript due more credence under all the surrounding circumstances." (*People v. Rodriguez* (2013) 222 Cal.App.4th 578, 586.)  Accordingly, where "the clerk's transcript simply clarifies a point that the reporter's transcript left ambiguous," courts will "conclude that the minute order correctly recites the [trial] court's ruling." (*In re Byron B.* (2004) 119 Cal.App.4th 1013, 1018.)

Here, the minute order simply clarifies what the reporter's transcript left ambiguous: that the sentence on count two is stayed.  Appellant and the People both agree this is the correct sentence.  We conclude the minute order correctly states the court's sentence and no remand is necessary.[2]

## DISPOSITION

The judgment is affirmed.

---

[1] Appellant initially claimed an additional error relating to sentencing credits, but subsequently withdrew that claim.

[2] Because we reject appellant's claim on the merits, we need not decide the People's contention that appellant forfeited it.

_____

SIMONS, Acting P.J.

We concur.

_____

NEEDHAM, J.

_____

BRUINIERS, J.

3