Filed 10/27/22  In re Bo.U. CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| In re Bo.U. et al., Persons Coming Under the Juvenile Court Law. | B314447 (Los Angeles County Super. Ct. No. 18CCJP00360) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>ESTHER C.,<br><br>　　　Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Stephen C. Marpet, Temporary Judge. Affirmed.

Landon Villavaso, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, Acting County Counsel, Kim Nemoy, Assistant County Counsel and Sarah Vesecky, Deputy County Counsel, for Plaintiff and Respondent.

_____

The Los Angeles County Department of Children and Family Services (DCFS or the agency) initiated juvenile dependency proceedings concerning Bo.U. and Ba.U. based on their mother's commission of acts of domestic violence against their father.[1]  The juvenile court sustained the dependency petition, removed the children from mother, and placed them with father.  The court later issued an exit order awarding father sole legal and physical custody of Bo.U. and Ba.U, authorizing mother to have monitored visits with the children, and terminating dependency jurisdiction.

Mother appeals from this exit order.  She argues that the court improperly delegated to father the power to determine whether she could have visits by conditioning her visitation right on father's approval of a monitor.

Mother's argument is belied by the record.  The order provides explicitly that if father does not approve of a monitor, then mother may pay for a professional monitor for her visits. Although the court did not mention this provision during the hearing at which it decided to terminate jurisdiction with an exit order, the inclusion of this provision in the final ruling is fatal to mother's claim of error.  We thus affirm the order.

_____

[1]  Father is not a party to this appeal.

## PROCEDURAL BACKGROUND[2]

We summarize only the procedural history that is relevant to our disposition of this appeal.

On January 19, 2018, DCFS filed a dependency petition concerning Bo.U. and Ba.U., who were then eight and five years old, respectively. The agency asserted jurisdiction over the children under Welfare and Institutions Code[3] section 300, subdivisions (a) and (b)(1), and alleged two jurisdictional counts—i.e., counts a-1 and b-1. Counts a-1 and b-1 both read as follows: "The children['s] . . . mother . . . and . . . father . . . have a history of engaging in violent altercations, in the children's presence. On 01/01/2018, the mother repeatedly struck the father with the mother's fists inflicting marks and bruises. In October 2017, the mother struck the father inflicting a bruise to the father's eye. The father failed to protect the children in that the father allowed the mother to have unlimited access to the children. The children were prior dependants [*sic*] of the Juvenile Court due to the domestic violence between the parents and the father's failure to protect the children; the mother did not reunify with the children. Such violent conduct on the part of the mother against the father and the father's failure to protect the children endangers the children's physical health and safety and

---

[2] We derive part of our Procedural Background from undisputed portions of the parties' appellate briefing. (See *Artal v. Allen* (2003) 111 Cal.App.4th 273, 275, fn. 2 [" '[B]riefs and argument . . . are reliable indications of a party's position on the facts as well as the law, and a reviewing court may make use of statements therein as admissions against the party.' "].)

[3] Undesignated statutory citations are to the Welfare and Institutions Code.

places the children at risk of serious physical harm, damage, danger and failure to protect."

On January 22, 2018, the juvenile court held a detention hearing. The court detained Bo.U. and Ba.U. from mother,[4] released them to father, and authorized mother to have monitored visits with the children.

On April 19, 2018, the juvenile court held a combined jurisdiction and disposition hearing. The court sustained the dependency petition, removed the children from mother's custody and placed them with father, authorized mother to have monitored visits with the children, and ordered mother to participate in certain services.

On October 18, 2018, April 18, 2019, November 13, 2019, November 19, 2020, and July 6, 2021, the juvenile court held status review hearings pursuant to section 364.[5] At the

---

[4] At the conclusion of the prior dependency proceedings, the juvenile court awarded father sole legal and physical custody of the children, and mother monitored visitation. Thus, although the parents did not have joint physical custody of the children at the outset of the instant case, mother had a particular, albeit limited, custodial right vis-à-vis the children—i.e., monitored visitation. (See Fam. Code, § 3004 [" 'Joint physical custody' means that each of the parents shall have significant periods of physical custody."]; *City and County of San Francisco v. H.H.* (2022) 76 Cal.App.5th 531, 543 [indicating that visitation is a type of custodial right].) Therefore, even though the children did not reside with mother at the beginning of this case, the juvenile court's order detaining the children from mother's custody was not superfluous.

[5] Section 364 applies when "an order is made placing a child under the supervision of the juvenile court pursuant to

July 6, 2021 hearing, the juvenile court decided to award father sole legal and physical custody of Bo.U. and Ba.U., grant mother monitored visits with the children, and terminate dependency jurisdiction.

On July 9, 2021, the court issued a juvenile custody order awarding sole legal and physical custody of the children to father and monitored visitation to mother; and terminating dependency jurisdiction.  Regarding mother's monitored visits, the juvenile custody order provides in relevant part:  "Mother's visits are to be monitored by a monitor approved of by Father.  If no approval, then a professional monitor paid for by Mother.  Father not to monitor the visits and visits not to take place in the Father's home.  Visits are a minimum of two hour[s] twice a month."  The order allowed mother to have only monitored visits because she had not completed certain court-ordered programs, including a domestic violence treatment program for offenders.

On July 28, 2021, mother appealed the juvenile custody order.

## DISCUSSION

"Section 362.4 provides that when the juvenile court terminates jurisdiction over a dependent child, and there is a pending family court case, the juvenile court may issue an order determining the custody of, or visitation with, the minor, which order 'shall' become part of the family court file and 'shall' continue' unless 'modified' or 'terminated' by that court." (*In re Cole Y.* (2015) 233 Cal.App.4th 1444, 1455, quoting § 362.4, subd. (b).)  "If no action is filed or pending relating to the custody

_____

Section 300 and . . . the child is not removed from the physical custody of his or her parent or guardian . . . ." (§ 364, subd. (a).)

5

of the minor in the superior court of any county, the juvenile court order may be used as the sole basis for opening a file in the superior court of the county in which the parent, who has been given custody, resides." (§ 362.4, subd. (c).) "An order entered pursuant to section 362.4 is commonly referred to as an ' "exit" ' order." (*Cole Y.*, at p. 1455.)

"The power to determine the right and extent of visitation by a noncustodial parent in a dependency case resides with the court and may not be delegated to nonjudicial officials or private parties. [Citation.] This rule of nondelegation applies to exit orders issued when dependency jurisdiction is terminated. [Citations.] [¶] A visitation order may delegate to a third party the responsibility for managing the details of visits, including their time, place and manner. [Citation.] That said, 'the ultimate supervision and control over this discretion must remain with the court . . . .' [Citation.] Several appellate courts have overturned visitation orders that delegate discretion to determine whether visitation will occur, as opposed to simply the management of the details." (*In re T.H.* (2010) 190 Cal.App.4th 1119, 1123.)

"We review a juvenile court's decision to . . . issue an . . . exit custody order for abuse of discretion, and may not disturb such rulings unless the court made an ' " ' "arbitrary, capricious or patently absurd determination." ' " ' [Citation.]" (*In re C.W.* (2019) 33 Cal.App.5th 835, 863; see also *In re D.P.* (2020) 44 Cal.App.5th 1058, 1070 ["The power to regulate visits between dependent children and their parents rests with the juvenile court and its visitation orders will not be disturbed on appeal absent an abuse of discretion."].) "The juvenile court's orders are 'presumed to be correct, and it is appellant's burden to

6

affirmatively show error.' [Citations.]" (*In re J.F.* (2019) 39 Cal.App.5th 70, 79 (*J.F.*).)

Mother cites an excerpt from the reporter's transcript for the July 6, 2021 hearing for the proposition that "the juvenile court terminated jurisdiction with a juvenile court custody order that awarded the mother monitored visitation by a monitor that the father must approve." She asserts the court thus "improperly delegated the right and extent of the mother's visitation solely to the father and violated the separation of powers doctrine." Mother further contends that the "visitation order was illusory" because the court "effectively gave the father veto power over" mother's right of visitation and he "had no interest in promoting or maintaining the mother's relationship with the minors."

Admittedly, at the July 6, 2021 hearing, the juvenile court did express its intention to issue an order that would grant father sole legal and physical custody, and provide that "mother's visits [were] to be monitored by a monitor approved of by father." The juvenile custody order issued on July 9, 2021, however, provides in pertinent part: "Mother's visits are to be monitored by a monitor approved of by Father. *If no approval, then a professional monitor paid for by Mother.*"[6] (Italics added.)

---

[6] DCFS acknowledges that at certain points during the dependency proceedings, mother apparently claimed that she could not afford a professional monitor. In her appellate briefing, however, mother does not claim that the visitation order is defective because she lacked the means to retain a professional monitor. She thus waives any such argument. (See *J.F.*, *supra*, 39 Cal.App.5th at p. 79 [" ' "When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived." ' "].)

7

" '[A]s a general rule[,] . . . when . . . the record is in conflict it will be harmonized if possible . . . .' [Citations.]" (See *People v. Smith* (1983) 33 Cal.3d 596, 599; see also *In re Byron B.* (2004) 119 Cal.App.4th 1013, 1014–1015, 1018 [applying this general rule in a wardship case].) Here, the July 6, 2021 oral ruling can easily be reconciled with the juvenile custody order the court ultimately issued on July 9, 2021. The court's minute order for the July 6, 2021 hearing stayed the court's ruling terminating jurisdiction to July 9, 2021 "to allow father's counsel to prepare and submit" a proposed juvenile custody order for the court's review. The first page of the juvenile custody order shows that father's counsel had prepared that document for the court. The July 9, 2021 minute order indicates that on that date, the court received, signed, and filed counsel's proposed juvenile custody order, and that the court thereafter terminated dependency jurisdiction. Thus, it is apparent from the record that the court intended for the juvenile custody order prepared by counsel—and not the court's prior oral ruling—to constitute the final custody and visitation order that would govern the rights of the parties.

Because we find that the juvenile court authorized mother to hire a professional monitor if father did not approve of any of her candidates for the position, mother's assertion that father could veto her right to visitation necessarily fails. Accordingly, mother has not discharged her burden of affirmatively demonstrating that the juvenile court abused its discretion, and we affirm the visitation order.[7]

---

[7] In light of our disposition, we do not address DCFS's contention that mother forfeited her challenge to the visitation order by failing to object to it during the dependency proceedings.

## DISPOSITION

We affirm the July 9, 2021 juvenile custody order.

NOT TO BE PUBLISHED.


                                    BENDIX, J.


We concur:



        ROTHSCHILD, P. J.



        BENKE, J.*

---

**\*** Retired Associate Justice of the Court of Appeal, Fourth Appellate District, Division One, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.