Filed 12/17/14  P. v. Land CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D065369 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE335570) |
| RYAN KENNETH LAND, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Evan P. Kirvin, Judge.  Affirmed as modified and with directions.

Jason L. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Teresa Torreblanca, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant Ryan Kenneth Land pled guilty to first degree burglary and admitted another person, not an accomplice, was present during the commission of the burglary.

(Pen. Code, §§ 459, 460, 667.5, subd. (c)(21).)[1]  Pursuant to a plea bargain, the court

placed Land on probation with standard terms and conditions and ordered 365 days of

local custody.  On appeal, Land argues three gang-related probation conditions should be

stricken or modified to avoid unconstitutional overbreadth and/or vagueness.  We agree

that the condition prohibiting Land from being in any locale where weapons exist should

be modified to refer to *illegal* weapons.  We modify this probation condition accordingly,

and as so modified, we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In November 2013, Land broke into Lisa Sutton's home.  When she arrived home,

she found appellant hiding in the basement with approximately $4,570 of her cash and

property on his person.  Sutton, her boyfriend, and two friends detained appellant until

sheriff's deputies arrived.  While they were holding him, Land (whose behavior was

captured on video) said he was "Spring Valley Locos" and that he was called "Vago."

Land told the residents he would shoot them "if [he] had a gun."  When arrested, deputies

found a folding knife with a three-inch blade locked in the open position in the front

pocket of his sweatshirt.[2]

In December 2013, Land entered the guilty plea set forth above.  At sentencing in

January 2014, Land's attorney argued the probation officer's recommendation that the

court impose standard "gang conditions" as part of Land's probation was unwarranted as

---

[1]    Subsequent unspecified references are to the Penal Code.

[2]    Because appellant pled guilty the facts are taken from the probation report.

there were no gang allegations connected with the case; there was no gang documentation produced in discovery; Land's prior juvenile and adult prior offenses did not include any indication of gang involvement; and Land's reference to a gang moniker and association with Spring Valley Locos at the victim's house was the result of "18-year-old bravado." Defense counsel also urged that if the court imposed the gang conditions, it should delete the condition which prohibited Land from appearing in a courthouse unless he was a party or a witness. The prosecutor argued the gang conditions were appropriate, stating Land's statements of gang affiliation the night of the incident, his defiant conduct at the scene, and the presence of a gang tattoo on his wrist amply supported the probation officer's recommendation and corroborated the probation officer's opinion that Land was more involved with gangs than he would admit.

As part of the probation grant, the court imposed seven standard gang conditions and deleted the specific condition Land's counsel challenged at sentencing. In response to the court's inquiry, Land affirmatively told the court he understood the conditions of probation and agreed to be bound by them. Except as noted, Land's counsel did not make any other objection to the gang conditions.

On appeal, defendant does not argue the court erred in generally imposing gang conditions, but challenges three of the conditions on constitutional grounds. His assertions are as follows:

(1) Condition 12. f.: "Do not knowingly own, transport, sell, or possess any weapon, firearm, replica firearm or weapon, ammunition, or any instrument used as a weapon." Defendant argues this condition is (a) vague because of the use of the word

3

"replica" and the phrase "any instrument used as a weapon," and (b) overbroad because the phrase "any instrument used as a weapon" does not contain an exception for the temporary possession of a weapon in lawful self-defense.

(2) Condition 12. g.: "Do not remain in any building, vehicle or in the presence of any person where you know a firearm, deadly weapon, or ammunition exists." Defendant contends this condition is overbroad as it prohibits entry into numerous buildings where security personnel are lawfully armed.

(3) Condition 12. i: "Do not knowingly wear, display, use, or possess any insignias, photographs, emblems, badges, buttons, caps, hats, jackets, shoes, flags, scarves, bandanas, shirts, or other articles of clothing evidencing affiliation with/membership in Spring Valley Locos or any gang." Defendant maintains this contention is vague as it does not contain a scienter requirement that appellant know the item worn evidences affiliation with gangs or a requirement that he wear those items with the intent to claim affiliation with a gang, and (b) overbroad in scope as it includes "any gang."

The Attorney General disagrees, arguing each condition is sufficiently precise to inform appellant of the actions and items prohibited and is narrowly tailored to the state's interest in reformation and rehabilitation.

DISCUSSION

A trial court has broad discretion to select probation conditions. (*People v. Olguin* (2008) 45 Cal.4th 375, 379.) Generally, a probation condition that regulates noncriminal conduct is not an abuse of discretion if it is reasonably related to (1) the crime of which

4

the defendant was convicted, or (2) the goal of preventing future criminality. (*Id*. at pp. 379-380; *People v. Balestra* (1999) 76 Cal.App.4th 57, 65.) Probation conditions are subject to a general requirement of reasonableness and constitutional validity. (See *People v. Welch* (1993) 5 Cal.4th 228, 233.) A defendant who has not objected to a probation condition at sentencing may do so on appeal where the appellate claim amounts to a " 'facial challenge,' " based on a constitutional defect that does not require scrutiny of individual facts and circumstances. (*In re Sheena K*. (2007) 40 Cal.4th 875, 885-886.)

To avoid unconstitutional overbreadth, a" 'probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition . . . .' " (*People v . Olguin, supra*, 45 Cal.4th at p. 384.) To avoid a claim of constitutional vagueness the condition should be sufficiently precise for the probationer to know what is required and for the court to know whether the condition has been violated. For notice purposes, the condition should be specific enough so that ordinary people can understand what conduct is prohibited, and the condition should be evaluated in the context of the facts and circumstances of the case. (*In re Byron B.* (2004) 119 Cal.App.4th 1013, 1018; *In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1144; *People v. Lopez* (1998) 66 Cal.App.4th 615, 630.) We review constitutional challenges to a probation condition de novo. (*In re Shaun R., supra*, at p. 1143.) Where we find error, we have the power to modify a probation condition to bring it into compliance with the law. (*In re Sheena K., supra*, 40 Cal.4th at p. 888.)

5

ANALYSIS

*Condition 12. f.*

Appellant argues condition 12. f. is unconstitutional on three distinct grounds. First, he claims the word "replica" is vague, relying primarily on the fact two internationally recognized "authorities on the English language" provide definitions of the word that are not identical. Land maintains the Collins English Dictionary defines replica as " 'an exact copy or model of something, especially one on a smaller scale,' " and the Merriam-Webster Dictionary defines the word as " 'an exact or very close copy of something' " and based on these differences, the word lacks sufficient precision to place Land on notice of what conduct is prohibited. We are not persuaded.

The fact one definition requires an exact copy of an item and references smaller scale reproductions, and the other permits slightly less precision without reference to size, does not render the word unconstitutionally vague. Taken in context, the word is reasonably specific. The purpose of the condition is to protect the public from violence or threats of violence and to prevent future criminality. To effectuate this, Land is on fair notice he is prohibited from using or possessing actual firearms or weapons and is also prohibited from confronting others with devices those individuals could reasonably perceive to be a weapon or firearm. The term "replica" adequately conveys this prohibition. (See § 417.4 [preventing drawing or exhibiting an imitation firearm in a manner that causes a reasonable person apprehension or fear of bodily harm]; see also § 16700 [defining an imitation firearm to include a replica of a firearm that is "so

6

substantially similar in coloration and overall appearance . . . to lead a reasonable person to perceive that the device is a firearm"].)

Second, Land claims the phrase "any instrument used as a weapon" is vague as it is unclear whether the phrase prohibits (1) the possession of any instrument where appellant intends to use the instrument as a weapon, or whether it prohibits (2) the possession of any instrument which is sometimes capable of being used as a weapon. The Attorney General acknowledges, and we agree, only the first definition Land posits is covered by the condition. However, because condition 12. f., as written, is limited to Land "knowingly" owning, transporting, selling or possessing "any instrument used as a weapon" only the first definition is applicable and the vagueness argument fails.

In Land's third challenge to condition 12. f., he argues the condition is overly broad as it does not contain an exception for the temporary possession of a weapon in lawful self-defense, and he proposes the condition be modified to permit this. We reject this contention. Appellant committed a crime involving residential burglary with gang claims and threats of weapon use. Because his crime carried a high potential for violence, a probation condition precluding him from possessing all weapons is extremely important to public safety. Given the importance of clearly communicating to defendant that he not possess any weapons, the trial court could reasonably elect not to include a reference to self-defense to ensure that defendant will not think he can carry a weapon in some circumstances in anticipation of the possible need for self-defense. We are satisfied that no reasonable law enforcement official or court will interpret the proscription on weapon possession to extend to a fleeting possession of a weapon in the event, for

7

example, that Land is assaulted and he temporarily seizes his assailant's weapon in legitimate self-defense. The omission of a reference to self-defense in the straightforward proscription against weapon possession does not rise to the level of constitutional overbreadth.

*Condition 12. g.*

Probation condition 12. g. prohibits Land from remaining "in a building, vehicle or in the presence of any person where [he] know[s] a firearm, deadly weapon, or ammunition exists." He asserts this condition is overbroad and unjustifiably chills important constitutional rights by forbidding him from being in any number of places where he is otherwise entitled to be, such as a bank, courthouse, state office building, or political rally where armed guards are present. The People disagree, arguing a reasonable person would not read condition 12. g. to require avoidance of law enforcement personnel and courthouses and the condition properly relates to the state's compelling interest in rehabilitation and public safety.

Given the widespread presence of armed security personnel in numerous buildings and other locales, we agree the condition is unconstitutionally overbroad because it improperly impedes Land's freedom of travel and association and is not narrowly tailored to safeguard these rights while simultaneously limiting conduct designed to promote Land's rehabilitation and to safeguard the public. Accordingly, we modify condition 12. g. to provide as follows: "Land is prohibited from being in the presence of those he knows illegally possess firearms, deadly weapons or ammunition."

8

*Condition 12. i.*

Appellant argues condition 12. i., which relates to gang-affiliated clothing, is unconstitutionally vague on two grounds: (1) it does not contain a scienter requirement that Land knows an item of clothing he is wearing is affiliated with gangs, and (2) it does not require that when wearing such an item, he is doing so with the specific intent to claim affiliation with a gang. He also maintains the condition is overbroad as it applies to affiliation with membership in "any" gang and is not limited to Spring Valley Locos. We disagree.

This condition is directed to both rehabilitative and protective objectives—namely, to stop Land's participation with gangs (and the attendant lifestyle), and to break the cycle of violence, intimidation, and criminal activity frequently associated with gang affiliation and intergang rivalry. To facilitate these compelling state interests, there is no constitutional violation in applying the condition to all gangs, just as the court did in *People v. Leon* (2010 181 Cal.App.4th 943, 950-951, when it rejected a similar overbreadth challenge.

Concerning Land's vagueness challenge, we are satisfied it need not be modified as appellant suggests. As Land recognizes, the condition already includes a scienter requirement. This requirement need not be repeated to emphasize that the condition only prohibits appellant from wearing, displaying, using or possessing, clothing and other items he knows evidence gang affiliation. Likewise, because the mere wearing of gang-affiliated clothing can spark violence resulting from intergang rivalry, the condition properly prohibits Land from wearing gang-affiliated clothing, even if he does not have

9

the intent to claim affiliation with a particular gang. Land's claim this is required would improperly interfere with legitimate probation objectives.

DISPOSITION

We modify probation condition 12. g. as set forth above, and we direct the trial court to forward a copy of the corrected condition to the probation authorities. As so modified, the judgment is affirmed.

_____

HALLER, Acting P. J.

WE CONCUR:

_____

O'ROURKE, J.


_____

AARON, J.

10