Filed 12/28/15  In re Erick P. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re ERICK P., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | F072094 |
| Plaintiff and Respondent, | (Super. Ct. No. JJD068931) |
| v. | |
| ERICK P., | **OPINION** |
| Defendant and Appellant. | |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Michael B. Sheltzer, Judge.

Lynette Gladd Moore, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, and Lewis A. Martinez, Deputy Attorney General, for Plaintiff and Respondent.

---

[*]       Before Levy, Acting P.J., Gomes, J. and Kane, J.

-ooOoo-

## INTRODUCTION

Appellant Erick P. contends the juvenile court's imposition of a probation condition prohibiting association with known gang members, the wearing of gang clothing or symbols, and acquiring gang tattoos is invalid because: (1) his offense was not gang related; and (2) the condition is vague and overbroad. We reject his contentions and affirm.

## FACTUAL AND PROCEDURAL SUMMARY

According to the records of the Dinuba Police Department, at approximately noon on May 19, 2015, Officer Wilder was dispatched to a restaurant because of a report that three juveniles possibly were intoxicated. Upon arrival, Wilder made contact with one juvenile male at a table, Manuel H., and two others in the restroom, Erick and Jonathan R. Jonathan was vomiting and unable to stand or communicate; he was transported to the hospital.

Wilder transported Erick and Manuel to their high school and made contact with the assistant principal. Erick's back pack was searched by school personnel and a bottle of Mad Dog 20/20 alcohol was found. Erick confirmed the bottle was his and acknowledged drinking a bottle earlier in the day. When being questioned, Erick became agitated and stated, "Just take me to fucking jail" several times while pacing and glaring at school personnel.

Wilder advised Erick to sit down and Erick replied, "What if I punch you in the face" then approached and attempted to strike Wilder. Wilder blocked this punch and grabbed Erick's hand, but then was struck in the side of his face by Erick. Wilder verbally instructed Erick to stop fighting, but Erick did not comply. With assistance from another officer, Erick was placed in handcuffs and taken into custody.

2.

A juvenile wardship petition pursuant to Welfare and Institutions Code[1] section 602, subdivision (a) was filed on May 21, 2015, alleging that Erick committed three criminal offenses on May 19. Count 1 alleged battery upon a peace officer; count 2 alleged public intoxication; and count 3 alleged possession of an alcoholic beverage by a minor. Erick was released on the home supervision program pending his court hearing.

Counsel was appointed to represent Erick. Erick entered a denial of the allegations of the petition on May 22, 2015. On June 15, 2015, the parties were present in court to enter into a negotiated disposition. The People were willing to dismiss the count 2 allegation in exchange for a plea to the count 1 and 3 allegations.

At the June 15 hearing, the juvenile court verified that Erick had had sufficient time to discuss his rights, possible defenses, and consequences of his plea with his attorney. Erick indicated he had discussed the matter with his attorney, understood the charges against him, and understood the consequences of his plea. The trial court proceeded to articulate for Erick his statutory and constitutional rights; verify that Erick understood those rights; and accept a waiver of those rights. The parties stipulated to a factual basis for the plea.

Erick admitted the count 1 and 3 offenses; the count 2 offense was dismissed. The trial court found that Erick understood the nature of the charges and the consequences of his plea; and had made a knowing, intelligent, and voluntary waiver of his rights.

The probation office prepared a report, prior to the disposition hearing. Erick claimed he had no behavior issues while at school and that he had missed only one week of school, in addition to missing finals. Erick's mother stated he had no behavior issues at school and attended school every day. School records, however, showed that Erick

---

[1] References to code sections are to the Welfare and Institutions Code unless otherwise specified.

had 122 absences and 28 tardies, as well as a record of school discipline. Erick was failing the majority of his classes; he had a 1.43 grade point average.

Erick's mother also told the probation officer that Erick had begun associating with "individuals who appeared to her to be gang members" about two months earlier. She claimed, however, that Erick was no longer associating with these individuals. Erick told probation he was not a gang member, but because he was "cool with everyone" he knew people associated with the southern gang.

The probation officer opined that Erick's school attendance and poor grades were a "big issue." Another issue was that when he was arrested, Erick told officers that he drinks a bottle of alcohol a day. Yet, Erick told probation he only drinks occasionally and Erick's mother thought he had only consumed alcohol a couple of times.

Among the conditions of probation recommended by the probation officer were that Erick attend school; maintain an 8:00 p.m. curfew; enroll in a substance abuse program; abstain from possessing any alcohol or drugs; and have no contact with any known gang member or possess any gang paraphernalia.

At the July 20, 2015, disposition hearing, Erick's attorney objected to the "gang clause" in the probation conditions. While acknowledging that Erick knew some gang members, the attorney opined that the offenses were not gang related and therefore, there was not any basis for "ordering the gang terms."

The probation officer informed the juvenile court that the gang prohibitions were requested when there was even "minimal" involvement. The probation officer opined that Erick had reported knowing southern gang members and that a minor generally did not acknowledge talking to southerners unless there was an affiliation of some sort.

The juvenile court ordered that Erick not "be a member of or associate with anyone you know or reasonably should know to be a member of or involved in criminal street gang. Don't acquire any gang tattoos or piercings. Do not wear or display items or

emblems reasonably known by you to be associated with or symbolic of gang membership."

Erick filed a notice of appeal on July 24, 2015, specifically challenging the gang terms of probation.

## DISCUSSION

Erick contends the juvenile court's imposition of a probation condition prohibiting association with known gang members, the wearing of gang clothing or symbols, and acquiring gang tattoos is invalid because: (1) his offense was not gang related; and (2) the condition is vague and overbroad. We disagree.

### I. Valid Gang Probation Condition

Erick contends the imposition of a probation condition prohibiting association with known gang members is invalid because his offense was not gang related. We disagree.

Erick told probation he was not a gang member, but because he was "cool with everyone" he knew people associated with the southern gang. Erick's mother stated that Erick had begun associating with "individuals who appeared to her to be gang members" about two months earlier. She claimed, however, that Erick was no longer associating with these individuals.

Erick claimed he had no behavior issues while at school and that he had missed only one week of school, in addition to missing finals. Erick's mother stated he had no behavior issues at school and attended school every day. Frankly, Erick's mother was either in denial or ill-informed about her son's absences and behavior issues at school; school records showed that Erick had 122 absences and 28 tardies, as well as a record of school discipline. Erick was failing the majority of his classes; he had a 1.43 grade point average.

A juvenile court has broad discretion in selecting appropriate probation conditions. (*In re Antonio C.* (2000) 83 Cal.App.4th 1029, 1033.) Erick contends, however, that the

5.

gang prohibition condition fails the test for abuse of discretion established by *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*).  A condition of probation fails the test established by the California Supreme Court in *Lent* if it "'(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality ….'" (*Lent, supra,* 15 Cal.3d at p. 486.)

Contrary to Erick's claim, the probation condition prohibiting associating with gang members is related to future criminality.  Because associating with gang members is the first step to involvement in gang activity, a prohibition on such association is reasonably designed to prevent future criminal behavior by juveniles.  (*People v. Lopez* (1998) 66 Cal.App.4th 615, 624.)

In Erick's case, his attendance at school was poor; he had some discipline issues at school; he was abusing alcohol; and he admitted knowing gang members.  While Erick's mother claimed he no longer associated with his friends who were gang members, Erick did not make this claim and Erick's mother may have been as ill-informed about his association with gang members as she was about his school attendance.  The juvenile court reasonably could impose a probation condition prohibiting association with gang members in order to prevent future delinquent and criminal behavior by Erick.  (*People v. Lopez, supra,* 66 Cal.App.4th at p. 624.)

## II.    Not Vague or Overbroad

Erick also contends the probation condition prohibiting association with gang members is vague and overbroad.  We disagree.

A probation condition "must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated."  (*People v. Reinertson* (1986) 178 Cal.App.3d 320, 324-325.)  A probation condition generally is vague or overbroad when it does not require the probationer to have knowledge of the prohibited conduct or circumstances.  (*People v. Contreras* (2015)

6.

237 Cal.App.4th 868, 885-886.) The probation condition challenged by Erick specifically states:

> "Comply with these terms regarding gangs. For purpose of this term, the word gang means a criminal street gang as defined in Section 186.22(e) and Section 186.22(f) of the Penal Code.
>
> "a. Not be a member of, or associate with, any person the child knows, or should reasonably know, to be a member or to be involved in the activities of a criminal street gang.
>
> "b. Not wear or display items or emblems reasonably known by the minor to be associated with or symbolic of gang membership.
>
> "c. Not acquire any new tattoos or piercings known to the minor to be gang related and have any existing tattoos or piercings photographed as directed by the probation officer."

A probation condition is not vague when the condition includes language "known to" the probationer. (*In re Sheena K.* (2007) 40 Cal.4th 875, 890-891.) The language of the probation condition imposed upon Erick requires as to each restriction that Erick have knowledge of the gang association or gang symbolism. Thus, there is an express requirement of knowledge and the gang probation condition therefore is not unconstitutionally vague. (*Id.* at p. 891.)

As for Erick's claim that the gang probation condition is overbroad, he is mistaken. His example of overbreadth is the assertion that a prohibition on associating with anyone "involved in the activities of a criminal street gang" would preclude associating with an attorney who represents a gang member. Such an interpretation is absurd and constitutes a misreading of the probation term; an attorney is not "involved in the activities of a criminal street gang" merely by representing a gang member. In interpreting probation conditions, common sense must be used. (*In re Ramon M.* (2009) 178 Cal.App.4th 665, 677.) A probation condition is given the meaning that would appear to a reasonable, objective reader. (*In re Byron B.* (2004) 119 Cal.App.4th 1013, 1018.)

A probation condition that prohibits "association with gang members" without including the knowledge requirement that it be "known" gang members is overbroad.  (*In re Justin S.* (2001) 93 Cal.App.4th 811, 816.)  Here, the probation condition prohibits association with known gang members, or displaying known gang symbols or tattoos.  The knowledge requirement alleviates any constitutional overbreadth challenge.  (*Ibid.*)

## **<u>DISPOSITION</u>**

The disposition order, including the terms of probation, is affirmed.