Filed 9/23/16  In re F.A. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re F.A., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,  Plaintiff and Respondent,  v.  F.A.,  Defendant and Appellant. | G051681  (Super. Ct. No. DL041335)  O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Fred W. Slaughter, Judge.  Affirmed.

Kyle D. Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Scott C. Taylor, Deputy Attorney General, for Plaintiff and Respondent.

\*          \*          \*

F.A. was declared a ward of the juvenile court, subject to the conditions of probation following a stint in juvenile hall. On appeal, F.A. challenges two of the probation conditions on the ground they are constitutionally overbroad. We reject F.A.'s arguments, and therefore affirm the juvenile court's dispositional order.

First, the probation condition that a minor not associate with anyone he or she knows his or her probation officer disapproves of has been determined to be constitutionally valid by the California Supreme Court.

Second, the probation condition that a minor obey all orders of his or her probation officer is not constitutionally overbroad.

STATEMENT OF FACTS AND PROCEDURAL HISTORY[1]

On September 4, 2014, then 16-year-old F.A. was riding a bicycle on Highland Avenue (which is in an area claimed by the Fullerton Tokers Town criminal street gang) with another minor, M.D. Fullerton Police Officer Alan Valdisern was on patrol, in uniform and in a marked police car, driving on Highland Avenue, when he observed F.A. and M.D. Valdisern recognized F.A. from contacts he had had with him at F.A.'s high school. Valdisern noticed neither F.A. nor M.D. was wearing a helmet and neither had a solid forward-facing light on his bicycle, although it was dark.

Valdisern initiated a traffic stop by turning on his overhead lights and his spotlight. While M.D. immediately stopped, F.A. looked back at Valdisern, but continued to ride his bike away. When Valdisern made contact with M.D., F.A. slowly

---

[1] The facts relating to the petition in Orange County Juvenile Court case No. DL041335-003 are drawn from the transcript of the jurisdictional hearing. The facts relating to the petitions in Orange County Juvenile Court case Nos. DL041335-004 and DL041335-005 are drawn from the probation report because F.A. admitted his offenses without a jurisdictional hearing.

2

rode back until he was about 10 to 15 feet away. Valdisern made eye contact with F.A., and told him he was detained and needed to get off his bicycle. F.A. lifted his left hand, waved, and rode away.

F.A. denied being stopped by Valdisern. F.A. testified at a jurisdictional hearing that he did not own a bicycle in September 2014, that he always wears a helmet and has a light on his bicycle when he does ride it, and that he did not know M.D.

On January 9, 2015, police and probation officers on gang suppression patrol smelled marijuana, and observed F.A. standing partly in an open garage and partly in an alley. One of the officers recognized F.A. and knew he was on probation with search and seizure conditions. The officer also saw multiple beer bottles on the ground near F.A., who was then 17 years old. The officer, who was wearing distinctive police gear, got out of his vehicle, and ordered F.A., who had put his right hand into his right pocket, to show his hands. F.A. refused the order about three times, and another officer had to physically grab F.A. and remove his hand from his pocket. F.A. refused to unlock his cell phone to allow the officers to search it.

On February 23, 2015, a female student reported that F.A. approached her in the back room of a classroom around 2:00 p.m., and made sexual advances toward her. When she tried to ignore F.A., he lowered his pants, grabbed the back of her head, and tried to force her to perform oral sex on him. F.A. then masturbated over the victim, and ejaculated on her. During the investigation, F.A. admitted committing those acts.

F.A.'s probation officer interviewed F.A.'s father, who said F.A. "hangs out with people with whom he should not associate" and that "he dresses like a 'cholo' or gang member." Detective Wren told the probation officer that F.A. consistently runs from the police and is an active member of the Fullerton Tokers Town criminal street gang, with the moniker "Suspicious." Detective Zuniga told the probation officer he had previous contacts with F.A., and that F.A. was very influential in the Fullerton Tokers Town gang and should be under "structured supervision."

3

In the petition in case No. DL041335-003, to declare F.A. a ward of the juvenile court, it was alleged that F.A. had violated Penal Code section 148, subdivision (a)(1) by resisting and obstructing a police officer. Following an evidentiary hearing, the court found the allegation to be true beyond a reasonable doubt.

Before the dispositional hearing on the petition in case No. DL041335-003, another petition, in case No. DL041335-004, was filed against F.A., alleging attempted forcible oral copulation (Pen. Code, §§ 664, subd. (a), 288a, subd. (c)(2) [count 1]), assault of a minor with the intent to commit a sexual offense (*id.*, § 220, subd. (a)(2) [count 2]), false imprisonment by violence or deceit (*id.*, §§ 236, 237, subd. (a) [count 3]), and indecent exposure after unlawful entry (*id.*, § 314, subd. 1 [count 4]). In a third petition in case No. DL041335-005, it was alleged that F.A. resisted and obstructed a police officer. (Pen. Code, § 148, subd. (a)(1).)

F.A. admitted to count 2 of the petition in case No. DL041335-004, and to the allegations of the petition in case No. DL041335-005. The parties agreed to the following factual basis for F.A.'s admissions: "On Feb. 23, 2015 in Orange County I unlawfully assaulted Jane Doe, a minor who was 16 years old with the intent to commit oral copulation. Also, on 1/9/15 I willfully and unlawfully delayed a police officer who was attempting to perform his duties."

The court held a single dispositional hearing on the petitions in case Nos. DL041335-003, DL041335-004, and DL041335-005. The court ordered that F.A. be committed to juvenile hall for 120 days and released to his parents on termination of the commitment, subject to the terms and conditions of probation. F.A. timely filed a notice of appeal, and filed an amended notice of appeal to correct an error in the original.

### DISCUSSION

F.A. challenges the constitutionality of two of the probation conditions imposed by the juvenile court. The standard of review on this appeal is de novo. (*In re*

4

*Shaun R.* (2010) 188 Cal.App.4th 1129, 1143.) The probation conditions F.A. challenges are that he "not . . . associate with anyone who [he] know[s] is disapproved by the court, [his] parent/guardian, or probation officer," and that he "[o]bey all orders of court/probation officer." F.A. contends that these conditions "serve as an open-ended grant of authority to the minor's probation office to: (1) impose any new conditions that the probation officer chooses; and (2) restrict the people with whom the minor associates. This grant of authority is both overbroad and an improper delegation of sentencing authority."

A probation condition that a minor not associate with anyone he or she knows that his or her probation officer disapproves of is constitutionally valid. (*In re Sheena K.* (2007) 40 Cal.4th 875, 891-892; *In re Byron B.* (2004) 119 Cal.App.4th 1013, 1015-1018; *In re Frank V.* (1991) 233 Cal.App.3d 1232, 1243.) F.A.'s arguments to the contrary are unpersuasive.

F.A. cites *In re Kacy S.* (1998) 68 Cal.App.4th 704, 708, in which the court held that a probation condition that the minor "'not associate with any persons not approved by his probation officer'" was overly broad. The court concluded that the condition in that case "literally requires the probation officer to approve [the minor]'s 'associat[ion]' with 'persons' such as grocery clerks, mailcarriers and health care providers." (*Id.* at p. 713.) Because the challenged probation condition in this case prohibits contact between F.A. and those of whom the probation officer has disapproved, rather than those of whom the probation officer has not approved, it is constitutionally acceptable: "Requiring advance disapproval makes the probation condition workable and saves it from overbreadth." (*In re Byron B.*, *supra*, 119 Cal.App.4th at p. 1017.)

F.A. also relies on *People v. O'Neil* (2008) 165 Cal.App.4th 1351, 1354, in which the court addressed a probation condition reading: "'You shall not associate socially, nor be present at any time, at any place, public or private, with any person, as designated by your probation officer.'" The court concluded that the condition was

5

overbroad and constitutionally impermissible because there were no limits as to whom the probation officer might prohibit the defendant from associating with. (*Id.* at p. 1357.) However, the court in *People v. O'Neil* specifically noted that its holding would not apply in a case of a juvenile offender, and distinguished the holdings of *In re Byron B.* and *In re Frank V.* on that basis. "We deal here solely with the conditions of adult probation. Conditions of juvenile probation may confer broader authority on the juvenile probation officer than is true in the case of adults [citations]." (*People v. O'Neil*, *supra*, at p. 1358, fn. 4.)[2]

We also reject F.A.'s argument that the probation condition that he obey all orders of the court and his probation officer is constitutionally overbroad. In *People v. Kwizera* (2000) 78 Cal.App.4th 1238, 1240, the court held that a probation condition that the defendant "'[f]ollow such course of conduct as the probation officer may prescribe'" was not unreasonable. F.A. correctly notes that the appellate court in *People v. Kwizera* did not specifically address whether such a probation condition was constitutionally overbroad. F.A. fails, however, to explain how a probation condition that is reasonable under *People v. Lent* (1975) 15 Cal.3d 481, 486, can nevertheless be constitutionally overbroad.[3]

---

[2] F.A. contends that because he is now an adult, the broader authority conferred on juvenile probation officers is no longer applicable, and that the challenged probation conditions should be reviewed as if they were probation conditions initially imposed on an adult. This argument is raised for the first time in F.A.'s reply brief on appeal, and we can reject it on that basis alone. (*West v. JPMorgan Chase Bank, N.A.* (2013) 214 Cal.App.4th 780, 799.) This is particularly true in this case, as neither party has addressed the length of F.A.'s probation, what part of it would be spent during his minority versus his majority, whether, assuming F.A. is still subject to probation, he is now being supervised by an adult probation officer rather than a juvenile probation officer, and whether and how the juvenile court's probation conditions would have differed if the court was aware there might be a change in how those conditions would be interpreted following F.A.'s 18th birthday.

[3] "The Legislature has placed in trial judges a broad discretion in the sentencing process, including the determination as to whether probation is appropriate and, if so, the conditions thereof. [Citation.] A condition of probation will not be held

6

Further, whether a juvenile probation condition is overbroad must be judged by "context and common sense." (*In re Ramon M.* (2009) 178 Cal.App.4th 665, 677.) Here, context and common sense support an interpretation that the requirement that F.A. obey all of the probation officer's orders is intended to enable the probation officer to enforce other specified probation conditions. (See *People v. Olguin* (2008) 45 Cal.4th 375, 380-381 ["A condition of probation that enables a probation officer to supervise his or her charges effectively is, therefore, 'reasonably related to future criminality.'"].)

F.A. argues that this condition allows the probation officer to create new probation conditions, or to order F.A. to waive constitutional rights by, for example, ordering him to take medication of the probation officer's choosing, or to refrain from travelling to certain places. In *In re Pedro Q.* (1989) 209 Cal.App.3d 1368, 1373, this court held that a probation officer may not impose a probation condition that was not considered and imposed by the court. The court did, however, note that "[p]robation officers have wide discretion to enforce court-ordered conditions, and directives to the probationer will not require prior court approval if they are reasonably related to previously imposed terms." (*Ibid.*)

---

invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' [Citation.] Conversely, a condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality." (*People v. Lent, supra*, 15 Cal.3d at p. 486, fn. omitted.)

DISPOSITION

The order is affirmed.


FYBEL, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


ARONSON, J.