Filed 8/25/20  In re Nicholas P. CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re NICHOLAS P., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>NICHOLAS P.,<br><br>    Defendant and Appellant. | A157056<br><br>(Contra Costa County Super. Ct. No. J18-01060) |

The juvenile court below adjudged Nicholas P. to be a ward of the court under Welfare and Institutions Code section 602, et seq. after finding that he had vandalized his parents' home, where he also lived, in violation of Penal Code section 594.  The court placed him in home supervision subject to certain probation conditions, which included conditions that prohibited him from using or possessing marijuana and suspended his privilege to drive for one year under Vehicle Code section 13202.6 subject to certain exceptions.[1] Nicholas seeks reversal of these conditions, including on the grounds that the

---

[1]  Subsequently, the court sustained a supplemental petition regarding Nicholas and ordered him to be committed to the Youthful Offender Treatment Program, from which he also appealed, and which we discuss in another unpublished opinion, *In re Nicholas P.*, case number A158426.

marijuana condition is unconstitutionally vague and the one-year license suspension was unauthorized under former Vehicle Code section 13202.6. We conclude the marijuana probation condition is not unconstitutionally vague and Nicholas' claim about the driver's license suspension condition is moot because the condition has already expired. Therefore, we affirm the marijuana probation condition order and dismiss that part of Nicholas' appeal that challenges the driver's license suspension condition.

## BACKGROUND

In December 2018, the Contra Costa County District Attorney filed a wardship petition alleging that Nicholas committed one count of vandalism (Pen. Code, § 594 subd. (b)(1)) and one count of misdemeanor possession of a controlled substance (Health & Saf. Code, § 11375 subd. (b)(2)). At the prosecutor's request, the juvenile court dismissed the possession count. A contested jurisdictional hearing followed.

The record indicates that when the relevant incident occurred in November 2018, Nicholas was 17 years old and living with his parents in a house in Brentwood, California. Early one morning, Nicholas's father (father) called the police to report that Nicholas was acting out of control. A Brentwood police officer went to the home and spoke with father, who said that throughout the night and early morning, Nicholas, who was alone upstairs, had "violent episodes" that escalated until father could hear "punching and kicking" coming from upstairs. Father told the officer that he went upstairs and saw a broken door to Nicholas' bedroom, damaged cabinets in the bathroom, and items thrown around the master bedroom. The two

2

argued, after which Nicholas kicked a hole in the wall by the base of the stairs as he "stormed out" of the house.[2]

The officer observed and photographed a door with a large crack at its base, a bathroom cabinet missing its doors, two cabinet doors lying on the floor outside of the bathroom, a large hole in the bathroom wall stuffed with a towel, various items strewn across the floor and a hole in the wall at the base of the stairwell. Father estimated to the officer the cost of repairing the damage to the house at $3,000, but subsequently testified that he spent under $100 in materials to repair the damage.

The court found the vandalism allegation true but reduced it to a misdemeanor based on the cost to repair the damage. It adjudged Nicholas a ward of the court, ordered him placed in home supervision and imposed various terms and conditions of probation, including a one-year driver's license suspension and a prohibition on his knowing use or possession of "any illegal drugs, marijuana, synthetic marijuana, drug paraphernalia, alcohol or prescription drugs for which he does not have a current prescription issued by a duly licensed physician."

Nicholas filed a timely notice of appeal.

## DISCUSSION

### I.

### *The Marijuana Probation Condition Is Not Unconstitutionally Vague.*

Nicholas argues the marijuana probation condition is unconstitutionally vague regarding whether he can use or possess marijuana obtained pursuant to a physician's prescription. We disagree. The condition

---

`      [2] Father testified that he did not know how the damage upstairs occurred because he did not see it happen, and that Nicholas accidentally caused the damage to the wall when he fell down the stairs and hit it. The juvenile court found that "the majority of [father's] testimony was not entirely credible."

3

unambiguously prohibits Nicholas from using or possessing marijuana regardless of whether he has a physician's prescription.

## A. Relevant Proceedings Below

The probation department's disposition report indicated that the reporting probation officer had spoken with Nicholas, who said that he was under the influence of alcohol or prescribed medication during the instant offense. The officer also reported that Nicholas indicated he had an "extensive history of illegal substance and alcohol use" that included use of "cocaine, methamphetamine, and various prescription drugs such as Xanax, Hydrocodone, and OxyContin" for which he did not have a prescription, that he used marijuana "every three to four days by himself" and had "no intentions [of] ceasing use" and that he was "currently in the process of obtaining medical clearance to purchase marijuana for medicinal purposes." She further reported that Nicholas had tested positive for marijuana use three times between January 2, 2019—the start of his home supervision—and March 28, 2019—his disposition hearing.

According to the report, Nicholas had previously "made several attempts to complete outpatient drug treatment [and] residential treatment programs," but his efforts had "produced limited results in helping [him] to remain clean and sober." At the time of the subject incident, he was only two months removed from the unsuccessful termination of an earlier grant of probation. During that previous probation, Nicholas had tested positive for marijuana three times and was found to have been in possession of a controlled substance in violation of Health & Safety Code section 11350, subdivision (a).

In light of this history of substance abuse, the probation department recommended that the juvenile court impose the following probation

4

condition, which is the subject of this appeal: "Minor not to knowingly use or possess any illegal drugs, marijuana or synthetic marijuana, drug paraphernalia, alcohol or prescription drugs for which he does not have a current prescription issued by a duly licensed physician."

During the disposition hearing, defense counsel did not object to the imposition of this recommended marijuana probation condition. She represented, without providing documentation, that Nicholas had "received a physician recommendation for medical marijuana use for his epilepsy," which rendered him in "a little bit of a bind in terms of complying with probation but also seeking medical advice and assistance for a condition [that] has been discussed [as] treatable by medical marijuana." The probation officer responded that Nicholas was "out of control" and had a "drug problem." She stated, "[W]e are not sure if we are okay with the minor having the medical marijuana card when he is a minor. Last I knew marijuana was illegal for minors."

The juvenile court agreed with the probation officer, stating that it did not "really believe there is a valid excuse for [Nicholas] being [prescribed] medical marijuana." It adopted the probation condition as recommended by the probation department.

### B. Analysis

The marijuana probation condition as written and considered in the context of the record unambiguously prohibits Nicholas' possession or use of marijuana regardless of whether a physician prescribes or otherwise recommends it.

A probation condition is not unconstitutionally vague if it provides "adequate notice—'fair warning'—of the conduct proscribed." (*In re E.O.* (2010) 188 Cal.App.4th 1149, 1153, quoting *In re Sheena K.* (2007) 40 Cal.4th

875, 890.)  The condition must " ' "be sufficiently precise for the probationer to know what is required of him[] and for the court to determine whether the condition has been violated." ' " (*In re E.O.,* at p. 1153.)  " ' " ' "Fair notice requires only that a violation be described with a " 'reasonable degree of certainty' " . . . so that "ordinary people can understand what condition is prohibited." ' " ' " (*In re Byron B.* (2004) 119 Cal.App.4th 1013, 1018.)

Here, grammar and common sense make clear the marijuana probation condition unambiguously prohibits Nicholas from using or possessing any marijuana.  The condition at issue states:  "Minor not to knowingly use or possess any illegal drugs, marijuana or synthetic marijuana, drug paraphernalia, alcohol or prescription drugs for which he does not have a current prescription issued by a duly licensed physician."  Nicholas argues this is so vague that it could mean that he "is not to knowingly use or possess . . . marijuana . . . for which [he] does not have a current prescription issued by a duly licensed physician."  This interpretation necessarily would also mean that he could use the other items contained in the same clause as marijuana if prescribed by a physician, i.e., "illegal drugs," "drug paraphernalia" and "alcohol."  This absurdity makes plain that Nicholas' interpretation is not reasonable.  The meaning of the condition is sufficiently clear to give Nicholas notice that he cannot use or possess marijuana under any circumstances.

As the People point out, our construction of this probation condition is further supported by the "last antecedent" rule, typically applied to statutes, which provides that " 'qualifying words, phrases and clauses are to be applied to the words or phrases immediately preceding and are not to be construed as extending to or including others more remote.' " (*White v. County of Sacramento* (1982) 31 Cal.3d 676, 680.)  The exception to this rule is

6

" ' "[w]hen several words are followed by a clause which is applicable as much to the first and other words as to the last, the natural construction of the language demands that the clause be read as applicable to all." ' " (*Id.* at pp. 680-681.) As we have just discussed, this exception does not apply here because it is not plausible that a physician would prescribe illegal drugs, drug paraphernalia or alcohol to Nicholas.

The context in which the condition was ordered further makes clear that the court intended to bar Nicholas from any use or possession of marijuana. After hearing discussion on the subject, including the probation department's recommendation of a complete prohibition, the court adopted the recommendation of the probation department as proposed, stating it did not "really believe there is a valid excuse for [Nicholas] being [prescribed] medical marijuana."

In short, we conclude the marijuana probation condition is not unconstitutionally vague.

## II.

### *Nicholas' License Suspension Claim Is Moot.*

Nicholas also argues that the one-year license suspension probation condition was unauthorized under the statute the court relied on to impose it, former Vehicle Code section 13202.6 (former section 13202.6), and, even if it was lawful, that it must be stricken as unreasonable under *People v. Lent* (1975) 15 Cal.3d 481. The People argue that Nicholas' appellate claim is moot because the condition expired after one year and otherwise oppose his arguments. We conclude that the issue is moot and decline to exercise our discretion to decide it.

## A. Relevant Proceedings Below

In its disposition report, the probation department recommended as a condition of Nicholas' probation that, "[p]er [section] 13202.6, the Court . . . suspend [Nicholas'] driver's privilege for one year except for employment and medical purposes." At the time, former section 13202.6, subdivision (a)(1), since repealed,[3] provided: "For every conviction of a person for a violation of Section 594 . . . committed while the person was 13 years of age or older, the court shall suspend the person's driving privilege for not more than two years, except when the court finds that a personal or family hardship exists that requires the person to have a driver's license for his or her own, or a member of his or her family's, employment, school, or medically related purposes." (Stats. 2006, ch. 434, § 1; Stats. 2019, ch. 505, § 13.) Section 13202.6 was intended to "deter[] youths convicted of . . . vandalism," and, as such, "requir[ed] [individuals convicted of vandalism] to forgo [their] driving privileges." (*People v. Brown* (2001) 96 Cal.App.4th Supp. 1, 41-42 [finding a previous version of section 13202.6 constitutional].)

During the disposition hearing, defense counsel objected to the probation department's recommended license suspension condition on two grounds. First, she argued that "[t]his wasn't really a driving-related case so I don't see why it makes sense to suspend his driving privileges" and that the condition would set him back as he strove to become a responsible adult, and she proposed the court impose a prohibition against Nicholas driving without a license, insurance or while under the influence. Second, she argued that the mandatory license-suspension clause in former section 13202.6 was inapplicable to adjudications regarding juveniles because it applied to every

---

[3] Former section 13202.6 was repealed in 2019. (Stats. 2019, ch. 505, § 13.) This repeal does not affect orders issued before January 1, 2020. (Stats. 2019, ch. 505, § 15.)

8

"conviction"—not "adjudication"—of a person for a violation of Penal Code section 594.

The prosecutor argued in favor of the condition. He stated that, based on Nicholas' substance abuse history and existing issues, "[g]iving him an unrestricted license endangers the public, and I think it's more than enough for him to be able to go to work and medical appointments at this point."

The juvenile court concluded that former section 13202.6 applied to juveniles. It also concluded that a license suspension under former section 13202.6 was mandatory, as the statute provided that " '[t]he Court shall suspend the person's driving privilege for not more than two years' " absent a finding of personal or family hardship. Based on these conclusions, the court adopted the driver's license suspension condition as recommended by the probation department.

**B. Analysis**

The license suspension probation condition expired on March 28, 2020. The issue is not one of continuing public interest that is likely to recur, because section 13202.6 has been repealed. (See footnote 3, *ante*.)

Nicholas argues in his reply brief[4] that the issue is not moot because the suspension could have collateral consequences beyond the term of the order. He argues he should have an opportunity to clear his name. He makes little effort to explain how or why a temporary and partial license

---

[4] At the time he filed his opening brief on January 21, 2020, the suspension had not expired, but it plainly would expire by the time or soon after briefing in the appeal was complete and before the appeal was decided. Nicholas could have and arguably should have, in anticipation of the impending expiration of the condition, addressed the potential mootness issue in his opening brief. The People have not argued that he waived the issue by failing to address it until his reply brief, and we do not address any issue of waiver.

suspension, as opposed to the sustained petition finding he committed criminal vandalism, imposes a significant stigma of its own. The cases he cites concerning suspension of a license to practice law and a criminal conviction are inapposite. Moreover, he does not demonstrate that the partial "suspension" the court ordered in this case ever became part of his DMV record,[5] and juvenile records are generally confidential. He hypothesizes there may be other collateral consequences of a driver's license suspension, such as "increased stress," "family strain" and inability "to find a new job after the suspension," citing a study from New Jersey. He makes no effort even to argue that such consequences are likely here, given that he was permitted to drive for employment and medical appointment purposes. He cites the same study for the proposition that his insurance costs may be higher. This is argument, not evidence, and is speculative. In short, Nicholas's arguments about collateral consequences are unsupported by evidence and for that reason do not overcome the mootness of his challenge to the license suspension condition.[6]

---

[5] Former section 13202.6 required that when a court "suspend[ed]" a person's driving privilege, "[t]he court shall, within 10 days following the conviction, transmit a certified abstract of the conviction, together with any drivers' licenses surrendered, to the department." (Stats. 2006, ch. 434, § 1 [former § 13202.6, subd. (b)(1)].) There is no indication in the record that the court transmitted anything regarding its suspension of Nicholas' driving privilege to the Department of Motor Vehicles. Indeed, there is no indication that the court ordered Nicholas to surrender his license to the court, as also was required by former section 13202.6. (*Ibid.*)

[6] Nicholas did not argue below that the condition was unauthorized under former section 13202.6 below nor that it would have consequences beyond the limits on his ability to drive. The People do not argue forfeiture, and we do not treat the issue as forfeited. But his failure to raise the issue below means there is no evidence in the record supporting his contentions about collateral consequences.

Nicholas also argues that even if his claim is moot, the court's order was nonetheless unauthorized under former section 13202.6 and should be stricken.  (See *Malatka v. Helm* (2010) 188 Cal.App.4th 1074, 1088, fn. 7 [even though a matter is moot, "reversal is an available alternative when an appellate court does not want to send a signal that it implicitly approves a questionable trial court judgment"].)  In light of the repeal of the relevant statute, we decline to exercise our discretion under *Malatka* to decide the issue despite its mootness.

## DISPOSITION

The juvenile court's marijuana probation condition order is affirmed. The part of Nicholas' appeal that challenges the driver's license suspension condition is dismissed as moot.

11

_____
STEWART, J.


We concur.



_____
KLINE, P.J.



_____
MILLER, J.


*In re Nicholas P.* (A157056)